IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 05-cv-00601-WYD-MJW**

JOSHUA BRUDWICK and KATHRYN RHODES,

Plaintiff(s),

v.

JOHN G. MINOR, SUMMIT COUNTY SHERIFF, et al.,

Defendant(s).

---

**ORDERS REGARDING
THE HONORABLE JUDGE EDWARD CASIAS' MOTION FOR PROTECTIVE ORDER
PURSUANT TO FED. R. CIV. P. 26(C)
(DOCKET NO. 52)
and
THE SUMMIT COUNTY DEFENDANTS' MOTION FOR EXTENSION OF TIME TO
RESPOND TO PLAINTIFFS' FIRST SET OF DOCUMENT PRODUCTION REQUESTS
TO SUMMIT COUNTY DEFENDANTS PURSUANT TO F.R.C.P. 34 [sic]
(DOCKET NO. 55)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Honorable Judge Edward Casias' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 52) and the Summit County Defendants' Motion for Extension of Time to Respond to Plaintiffs' First Set of Document Production Requests to Summit County Defendants Pursuant to F.R.C.P. 34 [Sic] (Docket No. 55). The court has reviewed the motions and response. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Judge Casias requests that this court enter a protective order directing that his

2

deposition take place at the Summit County Courthouse and further that no questioning be permitted by Plaintiffs regarding his mental processes in reaching any judicial decision regarding the existence or interpretation of any decision or pleadings in cases before him or regarding any personal information.

Plaintiffs argue that Judge Casias has relevant information to the case before this court, that Judge Casias is not asserting any privilege, and that if the judge's mental processes are inquired into during his deposition, it does not necessarily follow that such information would be admissible at trial.  Moreover, Plaintiffs argue that Judge Casias and witness Agent Cale Osborn are the only two people who have relevant information as to what transpired when the application for the warrant was made. Finally, Plaintiffs argue that Judge Casias' Motion for Protective Order is premature since this is a discovery deposition and that Judge Casias can file another Motion for Protective Order if any party decides to call him as a witness at trial.

Here, the court finds that Judge Casias is not a party to this lawsuit, but he may have relevant information as to what transpired when the application for the warrant was made, and he is not, under the facts and circumstances of this case, immune from having his deposition taken.  However, the scope of Judge Casias' deposition testimony should be limited.  It has been generally recognized that a judge may not be examined as to his mental processes.  See Robinson v. Commissioner of Internal Revenue, 70 F. 3d 34, 38 (5th Cir. 1995) (finding that "a judge may not be asked to testify about his mental processes in reaching a judicial opinion"); People v. Drake, 841 P.2d 364, 367 (Colo. Ct. App. 1992).  Moreover, when a judge is called to testify, the reason for his

3

testimony must be highly scrutinized. United States v. Dowdy, 440 F. Supp. 894, 896 (W.D. Va. 1997).

Accordingly, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That the Honorable Judge Edward Casias' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 52) is **GRANTED.**

2. That the deposition of the Honorable Judge Edward Casias shall take place at the Summit County Courthouse. Counsel for the parties shall meet and confer and clear a date with Judge Casias for his deposition.

3. That Plaintiffs may not inquire into Judge Casias' mental processes in reaching judicial decisions during Judge Casias' deposition.

4. That Plaintiffs may not inquire into the interpretation and existence of any matter that may be derived through court records during Judge Casias' deposition.

5. That Plaintiffs may not inquire into any personal information about Judge Casias during Judge Casias' deposition.

6. That each party shall pay their own attorney fees and costs for this motion.

7. That the Summit County Defendants' Motion for Extension of Time to Respond to Plaintiffs' First Set of Document Production

4

Requests to Summit County Defendants Pursuant to F.R.C.P. 34 [Sic] (Docket No. 55) is granted, and Summit County Defendants shall have up to and including September 19, 2005, to serve their written response to Plaintiffs' Requests for Production of Documents.

Done this 14th day of September 2005.

                                              BY THE COURT

                                              <u>s/Michael J. Watanabe</u>
                                              Michael J. Watanabe
                                              U.S. Magistrate Judge