IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-601-WYD-MJW

JOSHUA BRUDWICK and
KATHRYN RHODES,

    Plaintiffs,

v.

JOHN G. MINOR, SUMMITT COUNTY SHERIFF;
BOARD OF COUNTY COMMISSIONERS OF SUMMIT COUNTY;
THOMAS WICKMAN, CHIEF OF FRISCO POLICE DEPARTMENT;
TOWN OF FRISCO;
DAVID TUBBS;
MEADOW CREEK VILLAS PHASE II HOMEOWNERS ASSOCIATION;
DEREK WOODMAN;
BRYON COLVIN;
CALE OSBORN;
NEIL BAKER;
MARK HEMINGHOUS;
TINA WHITE;
MARK WHITE;
JOHN DOE 1-10;
JANE DOE 1-10,

    Defendants.

## ORDER

THIS MATTER is before the Court on a review of the file.  I first address Plaintiff's Motion to Dismiss Plaintiff's First Claim for Relief against Defendants David Tubbs and Meadow Creek Villas Phase II Homeowners Association Only, and to Remand Plaintiffs' Second Through Tenth Claims Against Defendants Tubbs and Meadow Creek to State Court for Further Proceedings (filed May 16, 2005).

Plaintiff's motion was filed on the same date Plaintiff filed a motion to amend the complaint. The motion to dismiss does not, however, reference whether Plaintiff is seeking to dismiss the first claim as to Tubbs and Meadow Creek in the original Complaint or in the Amended Complaint. This is problematic since the Amended Complaint was not accepted for filing when Plaintiff's motion was filed. In fact, the Amended Complaint was not accepted for filing until June 15, 2005, when Magistrate Judge Watanabe granted Plaintiff's motion for leave to amend the complaint.

Thus, to the extent Plaintiff's motion sought to dismiss the first claim in the original complaint as to Tubbs and Meadow Creek, it as moot. I will therefore construe it as a motion to dismiss the first claim against Tubbs and Meadow Creek in the Amended Complaint, and will grant it since nether Defendant objects to the dismissal of this claim against them.

To the extent the motion seeks a remand of the remaining state law claims as to Defendants Tubbs and Meadow Creek, this portion of the motion is denied. Even though the federal claim is now dismissed as to Defendants Tubbs and Meadow Creek, it remains pending as to the other Defendants. Further, the state law claims against Tubbs and Meadow Creek appear to derive from a common nucleus of operative fact and to be so related to the federal claim that they form part of the same case or controversy. Parceling out the claims between state court and federal court simply does not make sense in this case. Accordingly, the Court will exercise supplemental jurisdiction over the remaining state law claims as to Tubbs and Meadow Creek pursuant to 28 U.S.C. § 1367.

I now turn to the motions to dismiss, many of which were filed as to the original Complaint and do not address the allegations of the Amended Complaint.  Specifically, the following motions to dismiss were filed as to the original Complaint: (1) Defendant Tina White's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed April 20, 2005; (2) Defendant Meadow Creek Villas Phase II Homeowners Association's Motion to Dismiss filed April 20, 2005; and (3) Defendant David Tubb's Joinder in and Adoption of Defendant Meadow Creek Villa's Phase II Homeowners Association's Motion to Dismiss filed April 22, 2005.

On May 17, 2005, Defendant Tina White filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  No other Defendant filed a motion to dismiss as to the amended complaint.  The Court finds that the motions to dismiss the original Complaint should be denied as moot on the basis that the Amended Complaint has now been filed and the first claim therein has now been dismissed as to Tubbs and Meadow Creek.  Defendants Tubbs and Meadow Creek may, if they wish, file new motions to dismiss that address the Amended Complaint and the remaining claims against them.  In such motions, Defendants may refer the Court back to the original motion to dismiss as to arguments made therein that they claim are still viable.  Such motions, if filed, shall be filed not later than twenty days from the filing of this Order.

In conclusion, it is

ORDERED that Plaintiff's Motion to Dismiss Plaintiff's First Claim for Relief against Defendants David Tubbs and Meadow Creek Villas Phase II Homeowners

Association Only, and to Remand Plaintiffs' Second Through Tenth Claims Against Defendants Tubbs and Meadow Creek to State Court for Further Proceedings (filed May 16, 2005) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the Motion to Dismiss Plaintiff's First Claim for Relief against Defendants David Tubbs and Meadow Creek is **GRANTED**.  The Motion to Remand Plaintiff's Second Through Tenth Claims Against Tubbs and Meadow Creek to State Court for Further Proceedings is **DENIED**.  It is

FURTHER ORDERED that Defendant Tina White's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed April 20, 2005; (2) Defendant Meadow Creek Villas Phase II Homeowners Association's Motion to Dismiss filed April 20, 2005; and (3) Defendant David Tubb's Joinder in and Adoption of Defendant Meadow Creek Villa's Phase II Homeowners Association's Motion to Dismiss filed April 22, 2005, are **DENIED AS MOOT**.  It is

FURTHER ORDERED that Defendants Tubbs and Meadow Creek may, if they wish, file new motions to dismiss that address the Amended Complaint and the remaining claims against them.  Such motions, if filed, shall be filed not later than twenty days from the filing of this Order.

Dated:  October 20, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge